**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**HERMES HEALTH ALLIANCE, LLC**              **CIVIL ACTION NO.**

**VERSUS**                                   **JUDGE**

**LAWRENCE E. STANSBERRY, ET AL.**           **MAGISTRATE JUDGE**

### NOTICE OF REMOVAL

TO:   **Clerk of Court**
      United States District Court
      Eastern District of Louisiana
      500 Poydras Street, Room C151
      New Orleans, Louisiana 70130

      **Hermes Health Alliance, LLC**
      *Through its counsel of record*:
      Willard O. Lape, III
      Lape Law Firm
      1966 N. Highway 190, Suite B
      Covington, Louisiana 70433

**PLEASE TAKE NOTICE** that defendants, Certain Underwriters at Lloyd's, London Subscribing to Policy No. AMR-40526-06, Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company, Safety Specialty Insurance Company, HDI Global Specialty SE, and Old Republic Union Insurance Company (collectively the "Removing Defendants"), hereby remove the above-captioned case, *Hermes Health Alliance, LLC v. Lawrence E. Stanberry, et al.*,[1] Case No. 2023-12673 I, the Hon. Reginald T. Badeaux, III, presiding, 22nd Judicial District Court, Parish of St. Tammany, State

---

[1] As discussed in more detail in Note 2, this caption erroneously lists "Lawrence E. Stanberry" as a defendant, but he is not party to this removed litigation in any capacity.

of Louisiana (the "St. Tammany Parish Lawsuit"), to the United States District Court for the Eastern District of Louisiana.

This Court has subject matter jurisdiction over plaintiff Hermes Health Alliance, LLC's ("Hermes") suit under 9 U.S.C. § 203, and removal is proper under 9 U.S.C. § 205, because this matter relates to an arbitration agreement falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517, T.I.A.S. 6997, 330 U.N.T.S. 3.

## FACTUAL AND PROCEDURAL BACKGROUND

1.      The plaintiff, Hermes, is a Louisiana limited liability company.

2.      The Removing Defendants include **(i)** HDI Global Specialty SE, a *societas Europaea* organized under the laws of Germany; **(ii)** Syndicate 2987, an unincorporated association, the sole member of which is Brit UW Limited, a limited company organized under the laws of England and Wales; **(iii)** Syndicate 2003, an unincorporated association, the sole member of which is Catlin Syndicate Limited, a limited company organized under the laws of England and Wales; and **(iv)** Syndicate 510, an unincorporated association, the majority member of which is Tokio Marine Kiln Group Limited, a limited company organized under the laws of England and Wales.

3.      Hermes owns a building located at 4201 Woodland Drive, New Orleans, Louisiana (the "Property"). Hermes leased the Property to St. Luke #2, LLC ("St. Luke"), and St. Luke used the Property for a nursing facility.

4.      The Removing Defendants insure the Property through several insurance contracts collectively referred to here as the "Policy."

5.      Hurricane Ida made landfall in Louisiana on August 29, 2021. Following Hurricane Ida, St. Luke sued Hermes in the 22nd Judicial District Court for the Parish of St.

2

Tammany alleging, among other things, that the Property is unfit for use. *See St. Luke #2, LLC v. Hermes Health Alliance, LLC*, No. 2021-14812 H, 22nd Judicial District Court, the Hon. Alan A. Zaunbrecher, presiding (the "St. Luke Litigation").

6.      Hermes answered St. Luke's petition and reconvened against St. Luke under the relevant lease. Hermes also filed a third-party demand against, among others, the Removing Defendants, alleging that it could not meet its obligations as St. Luke's lessor because "the denial of Hermes' insurance claim" made it "financially impossible" to repair the Property.

7.      The Removing Defendants removed St. Luke Litigation to the Eastern District of Louisiana under 9 U.S.C. § 205. However, the Eastern District remanded the St. Luke Litigation because it concluded that the Removing Defendants, as third-party defendants rather than party-defendants proper, could not remove the case under 9 U.S.C. § 205. *See St. Luke #2, LLC v. Hermes Health Alliance, LLC*, 2022 WL 17495965 (E.D. La. Dec. 8, 2022).

8.      Following remand, Judge Alan A. Zaunbrecher granted exceptions of improper cumulation and improper joinder of parties, which severed Hermes' third-party demands against the Removing Defendants, Sedgwick Claims Management Services, Inc., and Applied Building Sciences, Inc. *See* Removal Ex. "B."[2] However, the Clerk of Court for the 22nd Judicial District Court did not renumber and reallot the severed claims as a new action. Later, on May 30, 2023, Judge Zaunbrecher granted third-party defendant Sedgwick Claims Management Services, Inc.'s "Ex Parte Motion to Assign a New Cause Number for the Severed Third-Party Demand." Last, on June 1, 2023, the Clerk of Court for the 22nd Judicial District Court effectuated Judge

---

[2] The "new" case caption states that Lawrence E. Stansberry is a party-defendant in this action. *See* Removal Ex. "C." However, the state court clerk's caption is wrong as evidenced by operative court order attached as Removal Ex. "B," which severed the "Lease Claims" (to which Stansberry is a party) from Hermes' "Hurricane Claims" against "those certain ten insurers and two insurance management companies[.]" Removal Ex. "B," p.1. Thus, the only party-defendants in this removed action are the Removing Defendants (*i.e.*, Hermes' insurers), Sedgwick Claims Management Services, Inc., and Applied Building Sciences, Inc.

PD.42084541.1

Zaunbrecher's order by assigning Hermes' third-party demands against the Removing Defendants, Sedgwick Claims Management Services, Inc., and Applied Building Sciences, Inc. a new case number (2023-12683 I) and reallotting the case to the Hon. Reginald T. Badeaux, III. Removal Ex. "C."

9. Thus, the Removing Defendants are now party-defendants proper in the St. Tammany Parish Lawsuit, not third-party defendants (as they were in the St. Luke Litigation).

## FEDERAL REMOVAL JURISDICTION UNDER 9 U.S.C. §§ 203 AND 205

10. Title 9 of the United States Code contains the implementing legislation for the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517, T.I.A.S. 6997, 330 U.N.T.S. 3 (the "Convention").

11. "An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States . . . shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy." 9 U.S.C. § 203.

12. "Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending." 9 U.S.C. § 205.

13. Removal is proper under Section 205 when the removing defendant shows "that (1) 'an arbitration agreement or award falls under the Convention,' and (2) the case 'relates to that arbitration agreement.'" *Dahiya v. Talmidge Int'l Ltd.*, 487 F. Supp. 3d 529, 534 (E.D. La.

PD.42084541.1

2020) (formatting omitted) (quoting *Adam Joseph Res. v. CNA Metals Ltd.*, 919 F.3d 856, 862 (5th Cir. 2019)).

**A.      The Policy Contains an Arbitration Agreement that "Falls Under" the Convention**

14.      "For an arbitration agreement to 'fall under' the Convention, it must (1) involve an agreement in writing to arbitrate a dispute, (2) provide for arbitration in the territory of a Convention signatory, (3) arise out of a commercial legal relationship, and (4) involve at least one non-American citizen[.]" *Rain CII Carbon, LLC v. ConocoPhillips Co.*, 2009 WL 2599232, at *2 (E.D. La. Aug. 17, 2009) (citing *Sedco, Inc. v. Petroleos Mexicanos Mexican Nat'l Oil Co.*, 767 F.2d 1140, 1144-45 (5th Cir. 1985)). "The determination of whether the agreement falls under the Convention will 'ordinarily prove quick and easy, without requiring too much merits-like investigation by the district court.'" *Rain CII Carbon*, 2009 WL 2599232 at *2 (quoting *Beiser v. Weyler*, 284 F.3d 665, 672 n.7 (5th Cir. 2002)).

15.      The arbitration clause in the Policy "falls under" the Convention because:

15.1      The Policy contains an agreement in writing to arbitrate "[a]ll matters in difference" between them. Removal Ex. "A" (the Policy), p.40.

15.2      The Policy demands arbitration in New York, *i.e.*, within the territory of the United States, a Convention signatory. Removal Ex. "A" (the Policy), p.40.

15.3.      An insurance policy is a "commercial legal relationship." *Certain Underwriters at Lloyd's, London v. Belmont Commons L.L.C.*, 2023 WL 105337, at *2 (E.D. La. Jan. 4, 2023), (motions for reconsideration denied) ("The agreement arises out of the Policy, which constitutes a commercial legal relationship between the parties.").

15.4      HDI Global Specialty SE, Brit UW Limited, Catlin Syndicate Limited, and Tokio Marine Kiln Group Limited are non-American citizens.

PD.42084541.1

**B.    Hermes' Claims against the Removing Defendants "Relate To" the Policy's Arbitration Agreement**

16.    "[W]henever an arbitration agreement falling under the Convention could *conceivably affect* the outcome of the plaintiff's case, the agreement 'relates to' . . . the plaintiff's suit." *Beiser*, 284 F.3d at 669 (italics original). A removing party's assertion that an arbitration clause could "conceivably affect" the outcome of a case is entitled to deference unless that claim is "completely absurd or impossible[.]" *See OJSC Ukrnafta v. Carpatsky Petroleum Corp.*, 957 F.3d 487, 496 (5th Cir. 2020).

17.    As noted, the Policy contains an agreement in writing to arbitrate "**[a]ll** matters in difference" between them. Removal Ex. "A" (the Policy), p.40 (emphasis supplied). Accordingly, the Policy's arbitration agreement conceivably affects Hermes' claims under *Beiser*. Accordingly, Hermes' claims "relate to" the Policy's arbitration agreement, vesting the Court with subject matter jurisdiction under 9 U.S.C. § 203.

### THIS REMOVAL IS PROCEDURALLY PROPER

18.    Venue is proper in the Eastern District of Louisiana because it is the federal judicial district embracing the place where the action is pending.

19.    Removal is timely under 9 U.S.C. § 205 because the action in Louisiana state court has not yet proceeded to trial.

20.    When a defendant removes a case under the Convention, consent of other defendants is not required. *Jalbert v. Leibold*, 2019 WL 1007276, at *1 (W.D. La. Mar. 1, 2019) ("[O]btaining consent of all defendants is not required to properly effect removal under either 9 U.S.C. §§ 202 and 205[.]"); *Acosta v. Master Maint. & Const., Inc.*, 52 F. Supp. 2d 699, 709

6

(M.D. La. 1999) (similar). Even so, the Removing Defendants' two codefendants have consented to removal. *See* Removal Exs. "D" and "E."

21. Pursuant to 28 U.S.C. § 1446(d), and concurrently with the filing of this Notice of Removal, written notice is being given to all parties, and a copy of this Notice of Removal is being filed with the Clerk of Court for the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana.

22. Pursuant to 28 U.S.C. § 1446(a), the Removing Defendants attach "a copy of all process, pleadings, and orders" from the St. Tammany Parish Lawsuit as Removal Ex. "F."

23. By removing this case to this Court, the Removing Defendants reserve all rights and defenses.

*     *     *

**WHEREFORE**, the Removing Defendants remove this action from the Twenty-Second Judicial District Court for the Parish of St. Tammany, State of Louisiana, to the United States District Court for the Eastern District of Louisiana.

Respectfully submitted this 29th day of June, 2023.


[*Signature and certificate of service follow*]

7

PD.42084541.1

Respectfully submitted,

**PHELPS DUNBAR LLP**


BY:   */s/ Kevin Welsh*
Virginia Y. Dodd, Bar Roll No. 25275
Heather S. Duplantis, Bar Roll No. 30294
Kevin W. Welsh, Bar Roll No. 35380
Jeffrey S. Knighton Jr., Bar Roll No. 39941
II City Plaza | 400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802-5618
Telephone: 225-346-0285
Telecopier: 225-381-9197
Email: ginger.dodd@phelps.com
heather.duplantis@phelps.com
kevin.welsh@phelps.com
jay.knighton@phelps.com

**ATTORNEYS FOR CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NUMBER AMR-40526-06, INDIAN HARBOR INSURANCE COMPANY, QBE SPECIALTY INSURANCE COMPANY, STEADFAST INSURANCE COMPANY, GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, UNITED SPECIALTY INSURANCE COMPANY, LEXINGTON INSURANCE COMPANY, SAFETY SPECIALTY INSURANCE COMPANY, HDI GLOBAL SPECIALTY SE AND OLD REPUBLIC UNION INSURANCE COMPANY**

8

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Notice of Removal has been served on this 29th day of June, 2023, on:

Hermes Health Alliance, LLC
***Through its counsel of record***
Willard O. Lape, III
Lape Law Firm
1966 N. Highway 190, Suite B
Covington, Louisiana 70433
trey@lapelawfirm.com

Sedgwick Claims Management Services, Inc.
***Through its counsel of record***
Bruce R. Wilkin
Artis G. Ulmer, III
Shackelford, Bowen, McKinley & Norton, LLP
717 Texas Ave., 27th Floor
Houston, Texas 77002
bwilkin@shackelford.law
aulmer@shackelford.law

Applied Building Sciences, Inc.
***Through its counsel of record***
Richard G. Duplantier, Jr.
Galloway Johnson Tompkins Burr & Smith
701 Poydras Street, Suite 4040
New Orleans, Louisiana 70139
rduplantier@gallowaylawfirm.com

by Electronic Mail.

*/s/ Kevin Welsh*
Kevin W. Welsh
Bar Roll No. 35380

9

PD.42084541.1