UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HERMES HEALTH ALLIANCE, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-2276** |
| **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, ET AL.** | **SECTION "O"** |

**ORDER AND REASONS**

Before the Court is the Federal Rule of Civil Procedure 12(b)(6) motion[1] of Sedgwick Claims Management Services, Inc. ("Sedgwick") to dismiss claims of negligence and conspiracy brought by Plaintiff Hermes Health Alliance, LLC ("Hermes"). Sedgwick's motion to dismiss was noticed for submission on October 18, 2023.[2] Hermes' response was thus due on October 10, 2023. *See* LOCAL CIVIL RULE 7.5. Over eleven months have passed, and Hermes has failed to file a response. The Court therefore considers the motion to dismiss unopposed. For that reason and the reasons that follow, Sedgwick's 12(b)(6) motion to dismiss Hermes' claims against Sedgwick is **GRANTED**.

**I. BACKGROUND**

This action stems from a landlord-tenant dispute between St. Luke #2, LLC ("St. Luke") and Hermes in the aftermath of Hurricane Ida.[3] Hermes owns the property, located at 4201 Woodland Drive in New Orleans, on which St. Luke

---

[1] ECF No. 11.
[2] ECF No. 11-3.
[3] ECF No. 2-4.

operates its nursing facility.[4] After Hurricane Ida caused major damage to the property in August 2021, St. Luke filed suit against Hermes in the 22nd Judicial District Court of St. Tammany Parish alleging that the property was unfit for use.[5] In turn, Hermes filed a third-party demand against its insurers and others, arguing that it could not afford to repair the property because its insurance claims were denied.[6] Several of these third-party defendants removed the case to the Eastern District, but the case was remanded.[7] Back in state court, the third-party demands, including those against defendant Sedgwick, an independent adjusting company, were severed and assigned a new case number.[8] Shortly thereafter this case was again removed to this Court.[9]

Hermes advances what amounts to two claims against Sedgwick. First, Hermes claims Sedgwick was negligent in failing to provide photographs of the building's damage from Hurricane Ida to another Defendant in this case, Applied Building Sciences, Inc. ("ABS"), a contractor who prepared a report determining the damage to the property.[10] Hermes argues that this affected ABS' ability to evaluate Hermes' property damage.[11] According to Hermes, the ABS report, which does not

---

[4] ECF No. 2-4 at 15 ¶¶ 40–41.
[5] ECF No. 2-4.
[6] *Id.* at 13–24.
[7] *Id.* at 126–143 (Civil Action No. 22-1723, ECF No. 31)
[8] *Id.* at 1.
[9] ECF No. 1.
[10] ECF No. 2-4 at 18–20 ¶¶ 56–71. Hermes claims these photographs "clearly depict water driven through storm created openings in the building envelope of the windows, fenestrations, roof, and related systems." *Id.* at 16 ¶ 45. Hermes also notes that the "prevailing winds on the building for Hurricane Ida were from the east, so the eastern side of the building bore the brunt of the hurricane force winds and driven rain," and that "[t]hese damages caused by Hurricane Ida were both catastrophic and unprecedented." *Id.*
[11] *Id.* at 20 ¶ 71.

mention these photographs, discounted Hurricane Ida as the primary cause of damage to the property, instead pointing to other defects such as the age of the property's roof and negligent maintenance of the property's HVAC and plumbing systems.[12] Second, Hermes alleges that Sedgwick and ABS "colluded and engaged in a civil conspiracy" to deprive Hermes of insurance benefits.[13] Hermes claims that if Sedgwick had turned over the photographs and ABS ignored them in evaluating its claims, then ABS and Sedgwick colluded "to exclude the best evidence available [i.e., the photographs]."[14]

Now Sedgwick moves to dismiss Hermes' claims against it, arguing that Louisiana law limits or bars recovery against third-party adjusters, like Sedgwick, who assist insurers in processing and handling insurance claims.[15]

## II.  LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In its Rule 12(b)(6) review, the Court "accept[s] all well-pleaded facts as true and construe[s] the allegations in the light most favorable to the plaintiff." *Lewis v. Danos*, 83 F.4th 948,

---

[12] *Id.* ¶¶ 67–69.
[13] *Id.* at 20–21 ¶¶ 71–73.
[14] *Id.* at 20 ¶ 72.
[15] ECF No. 11.

3

953 (5th Cir. 2023) (citing *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020)). The Court also "may consider 'any documents attached to the motion to dismiss that are central to the claim and referenced in the complaint.'" *PHI Grp., Inc. v. Zurich Am. Ins. Co.*, 58 F.4th 838, 841 (5th Cir. 2023) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

### III. ANALYSIS

Sedgwick's motion to dismiss has merit. First, with respect to Hermes' negligence claim, Sedgwick argues that Hermes has failed to state a claim because an insurance adjuster generally does not owe a legal duty to an insurance claimant.[16] In contending that Sedgwick does not owe a duty to Hermes, Sedgwick chiefly relies on three cases in this district: *Bellina v. Liberty Mut. Ins. Co.*, No. CV 19-13711, 2020 WL 1689825 (E.D. La. Apr. 7, 2020) (holding that, absent fraud, an insurance adjustor largely owes no duty to an insured in adjusting a claim); *Goux Enterprises v. Indian Harbor Ins. Co.*, No. CV 22-4330, 2023 WL 2955305 (E.D. La. Apr. 14, 2023) (holding the same), and *Rich v. Bud's Boat Rentals, Inc.*, No. CV 96-3279, 1997 WL 785668, at *3 (E.D. La. Dec. 18, 1997) (noting that the court "found no case imposing a duty on an independent insurance adjuster to an insured to conduct a proper investigation or to advise an insured of coverage issues").

---

[16] ECF No. 11-1 at 4.

Sedgwick argues that Hermes has not alleged a viable claim against Sedgwick because, under Louisiana law, an independent insurance adjustor does not owe a duty to an insured to conduct a proper investigation.[17] Indeed, the circumstances in the present case are near-identical to those in *Goux Enterprises v. Indian Harbor Insurance Co.* There, plaintiffs brought negligence and fraud claims against this same defendant, Sedgwick, for its alleged misconduct as their policy's third-party administrator in handling damage claims from Hurricane Ida. *Goux Enterprises*, 2023 WL 2955305, at *4. Plaintiffs argued that Sedgwick mishandled its investigation by delaying the assignment of an adjuster and the investigation of plaintiffs' losses, ignoring and underpaying plaintiffs' requests for advance payments under the policy, and "grossly miscalculate[ing]" plaintiffs' losses. *Id*. Ultimately, the *Goux* court found that "[e]ven when an adjust[e]r's investigation is substandard, the independent adjuster owes no duty to an insured to conduct a proper investigation." *Goux Enterprises*, 2023 WL 2955305, at *5; *see Bellina*, 2020 WL 1689825, at *3 (The "general rule [is] that insurance adjusters do not face liability for handling claims."). This Court agrees with *Goux's* sound reasoning and finds that Plaintiff here has no cause of action against Sedgwick under a negligence theory.

Courts have found that insurance adjusters owe a duty to claimants in very rare circumstances, including instances of fraud: an insurance adjuster may be liable under Louisiana law "where [the adjuster] has engaged in *fraud* toward the claimant or where [the adjuster] has provided the claimant false information regarding the

---

[17] *Id*.

5

potential success of the claim and has reason to know that the claimant will rely on that information." *Bellina*, 2020 WL 1689825, at *3 (internal quotations omitted and emphasis added). As Sedgwick notes in its motion to dismiss, however, Hermes does not explicitly allege fraud against Sedgwick.[18] Hermes merely argues that Sedgwick, if not negligent, "intentionally prepared the report in such a way as to deprive Hermes of the insurance benefits to which it was entitled."[19] Federal Rule of Civil Procedure 9(b) requires more: a "party [must] state with particularity the circumstances constituting fraud or mistake." In meeting these "heightened pleading requirements," Hermes must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Howley v. Bankers Standard Ins. Co.*, No. 20-10940, 2022 WL 576403, at *4 (5th Cir. 2022) (internal quotations omitted). Under this standard, Hermes fails to plead fraud.[20]

But Hermes does allege an alternate path for relief: that ABS and Sedgwick colluded and engaged in a civil conspiracy.[21] Hermes claims that if Sedgwick had turned over the photographs and ABS ignored them in evaluating its claims, then ABS and Sedgwick colluded "to exclude the best evidence available [the photographs]."[22] However, this allegation—specifically, the claim of a conspiracy

---

[18] ECF No. 11-1 at 2.
[19] ECF No. 2-4 at 20 ¶ 71.
[20] Under Louisiana law, "delictual fraud or intentional misrepresentation requires (1) misrepresentation of a material fact; (2) made with the intent to deceive; and (3) causing justifiable reliance with resultant injury." *Bellina*, 2020 WL 1689825, at *4 (citing *Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 627 (5th Cir. 1999)).
[21] ECF No. 2-4 at 21 ¶ 73.
[22] *Id.* at 20 ¶ 72.

6

between an adjuster and an insurer—does not give rise to a cause of action in Louisiana. *See Uptown Garden Ctr. v. Am. First Ins.*, No. CIV.A. 07-6660, 2008 WL 4186861, at *1 n.2 (E.D. La. Sept. 9, 2008) (noting that plaintiff fails to cite to a statute or case supporting the availability of a conspiracy cause of action in Louisiana and concluding that no such claim exists in the state); *Marketfare Annunciation, LLC v. United Fire & Cas. Co.*, No. CIV.A. 06-7232, 2007 WL 837202, at *1 (E.D. La. Mar. 15, 2007) ("To allow an allegation that the adjustor conspired with the insurer to avoid paying the claim would be contrary to the statutory and caselaw limitations on suits against adjustors."). Accordingly, Hermes has failed to state a conspiracy claim against Sedgwick, and its conclusory statements referencing a conspiracy are insufficient under Rule 9(b). This claim is dismissed.[23]

Accordingly,

**IT IS ORDERED** that Defendant Sedgwick's motion to dismiss Plaintiff's claims with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6), is **GRANTED**.

New Orleans, Louisiana, this 20th day of September, 2024.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[23] Sedgwick also argues that the Court should dismiss Hermes' claims against Sedgwick for violating La. Rev. Stat. §§ 22:1982 and 22:1973, Louisiana's "bad faith" statutes. But Hermes does not allege a cause of action against Sedgwick under §§ 22:1982 and 22:1973. ECF No. 2-4 at 21 ¶¶ 74–75. Rather, Hermes' cause of action based on §§ 22:1982 and 22:1973 applies to "Property Insurers," a group of defendants that, by definition, does not include Sedgwick. *Id. See also id*. at 13–15 ¶¶ 35–37. Even if Hermes had alleged Sedgwick violated §§ 22:1982 and 22:1973, this claim would fail because these statutes do not provide a remedy against insurance adjusters like Sedgwick.