### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**HERMES HEALTH ALLIANCE, LLC**                    CIVIL ACTION

**VERSUS**                                                           NO. 23-2276

**CERTAIN UNDERWRITERS AT**                    SECTION "O"
**LLOYD'S, LONDON, ET AL.**

### ORDER AND REASONS

Before the Court is the Federal Rule of Civil Procedure 12(b)(6) motion[1] of Defendant Applied Building Sciences, Inc. ("Applied") to dismiss claims of negligence, intentional misrepresentation, and conspiracy brought by Plaintiff Hermes Health Alliance, LLC ("Hermes"). Applied's motion to dismiss was noticed for submission on November 15, 2023.[2] Hermes' response was thus due on November 7, 2023. *See* LOCAL CIVIL RULE 7.5. Over ten months have passed, and Hermes has failed to file a response. The Court therefore considers the motion to dismiss unopposed. For that reason and the reasons that follow, Applied's 12(b)(6) motion to dismiss Hermes' claims against Applied is **GRANTED**.

## I.   BACKGROUND

This action stems from a landlord-tenant dispute between St. Luke #2, LLC ("St. Luke") and Hermes in the aftermath of Hurricane Ida.[3] Hermes owns the property, located at 4201 Woodland Drive in New Orleans, on which St. Luke

---

[1] ECF No. 13.
[2] ECF No. 13-2.
[3] ECF No. 2-4.

operates its nursing facility.[4] After Hurricane Ida allegedly caused major damage to the property in August 2021, St. Luke filed suit against Hermes in the 22nd Judicial District Court of St. Tammany Parish alleging that the property was unfit for use.[5] In turn, Hermes filed a third-party demand against its insurers and others, arguing that it could not afford to repair the property because its insurance claims were denied.[6] Several of these third-party defendants removed the case to the Eastern District, but the case was remanded.[7]

Back in state court, Hermes' third-party demands were severed and assigned a new case number.[8] Those demands included claims against Applied—a third-party engineering firm that had been hired to investigate and report on the cause and extent of damage to Hermes' property—and Sedgwick Claims Management Services, Inc. ("Sedgwick"), a third-party insurance adjusting company.[9] The case was subsequently removed again to this Court.[10]

Hermes' present claims against Applied center on whether Applied's report intentionally or negligently misrepresented the cause of damage to Hermes' property occasioned by Hurricane Ida.[11] Hermes argues that, after the storm, it provided Sedgwick with photographs showing the damage caused by the storm.[12] Hermes claims that the photographs showed "evidence of unprecedented and widescale water

---

[4] *Id.* at 15 ¶¶ 40–41.
[5] ECF No. 2 at 3.
[6] *Id.*
[7] ECF No. 2-4 at 126–143 (Civil Action No. 22-1723, ECF No. 31).
[8] ECF No. 2 at 3–4.
[9] *Id. See also* ECF No. 2-7 at 186.
[10] ECF No. 2 at 3–4.
[11] ECF No. 2-4 at 20 ¶ 68.
[12] *Id.* at 16 ¶¶ 43–45, 18 ¶¶ 56–59.

damage, water driven through storm created penetrations by wind in numerous windows, walls, and the building envelope."[13] According to Hermes, "it is unknown whether or not [Sedgwick] shared these photographs with [Applied]," but "[w]hat is known is that the [Applied] report does not mention the photographs that were sent to [Sedgwick]."[14] Instead, according to Hermes, Applied's report "discounted the Category 4 Hurricane conditions as the primary cause of the widespread damage throughout Hermes' property and generally blame[d] the damages on the age of the roof, and lack of maintenance to the HVAC and plumbing systems."[15] Hermes argues that Applied's report "intentionally or negligently ignore[d] the best evidence of the cause and extent of damages available."[16]

Hermes also alleges that Sedgwick and Applied "colluded and engaged in a civil conspiracy" to deprive Hermes of insurance benefits.[17] Hermes claims that if Sedgwick had turned over the photographs and Applied ignored them in evaluating its claims, then Applied and Sedgwick colluded "to exclude the best evidence available [i.e., the photographs]."[18] Hermes further claims that Applied "clearly acted in bad

---

[13] *Id.* at 19 ¶ 66.

[14] *Id.* at 20 ¶ 67.

[15] *Id.* at 20 ¶ 69.

[16] *Id.* at 20 ¶ 68. Hermes claims these photographs "clearly depict water driven through storm created openings in the building envelope of the windows, fenestrations, roof, and related systems." *Id.* at 16 ¶ 45. Hermes also notes that the "prevailing winds on the building for Hurricane Ida were from the east, so the eastern side of the building bore the brunt of the hurricane force winds and driven rain," and that "[t]hese damages caused by Hurricane Ida were both catastrophic and unprecedented." *Id.*

[17] *Id.* at 20–21 ¶¶ 71–73.

[18] *Id.* at 20 ¶ 72.

faith with the intent to deprive Hermes of the insurance benefits for which Hermes is entitled."[19]

Now Applied moves to dismiss Hermes' claims, arguing that Louisiana law limits or bars recovery against third-party adjusters, like Applied, who assist insurers in processing and handling insurance claims.[20] Applied also argues that, to the extent Hermes intends to allege fraud, Hermes has not pled a fraud claim with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.[21]

## II.   LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In its Rule 12(b)(6) review, the Court "accept[s] all well-pleaded facts as true and construe[s] the allegations in the light most favorable to the plaintiff." *Lewis v. Danos*, 83 F.4th 948, 953 (5th Cir. 2023) (citing *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020)). The Court also "may consider 'any documents attached to the motion to dismiss that are central to the claim and referenced in the complaint.'" *PHI Grp., Inc. v. Zurich*

---

[19] *Id.*
[20] ECF No. 13.
[21] *Id.*

*Am. Ins. Co.*, 58 F.4th 838, 841 (5th Cir. 2023) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

## III.    ANALYSIS

Applied's motion to dismiss has merit. First, with respect to Hermes' negligence claim, Applied argues that, absent fraud, an insurance adjustor generally owes no duty to an insured in adjusting a claim. *See Bellina v. Liberty Mut. Ins. Co.*, No. CV 19-13711, 2020 WL 1689825 *3 (E.D. La. Apr. 7, 2020) (The "general rule [is] that insurance adjusters do not face liability for handling claims."). "Even when an adjust[e]r's investigation is substandard, the independent adjuster owes no duty to an insured to conduct a proper investigation." *Goux Enterprises v. Indian Harbor Ins. Co.*, No. CV 22-4330, 2023 WL 2955305, at *5 (E.D. La. Apr. 14, 2023) (quotations omitted).

In this case, Applied was a contractor retained by Sedgwick to inspect the building for Hermes.[22] Sedgwick's reservation of rights letter to Hermes reflects that Sedgewick, as the adjuster, hired Applied to investigate the cause of damage to the property.[23] If no duty to the insured is imputed on an insurance adjuster, like Sedgwick, it stands to reason that no duty is extended to a party retained by the insurance adjuster, like Applied. Because Applied was an agent of the insurance adjuster, Applied owed Hermes no duty in the absence of fraud or

---

[22] ECF No. 13-1 at 6.
[23] *Id.* at 5; ECF No. 2-4 at 185–93.

misrepresentation.[24] Accordingly, the Court finds that Hermes' negligence claim against Applied fails.

Courts have found that insurance adjusters owe a duty to claimants in very rare circumstances, including instances of fraud. An insurance adjuster may be liable under Louisiana law "where [the adjuster] has engaged in *fraud* toward the claimant or where [the adjuster] has provided the claimant false information regarding the potential success of the claim and has reason to know that the claimant will rely on that information." *Bellina*, 2020 WL 1689825, at *3 (internal quotations omitted and emphasis added). As Applied notes in its motion to dismiss, however, Hermes does not explicitly allege fraud against Applied.[25] Hermes merely argues that Applied, if not negligent, "intentionally . . . ignore[d] the best evidence of the cause and extent of damages available."[26] Federal Rule of Civil Procedure 9(b) requires more: a "party [must] state with particularity the circumstances constituting fraud or mistake." In meeting these "heightened pleading requirements," Hermes must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Howley v. Bankers Standard Ins. Co.*, No. 20-10940, 2022 WL 576403, at *4 (5th Cir. 2022) (internal quotations omitted). Under this standard, Hermes fails to plead fraud.[27]

---

[24] ECF No. 13-1 at 5.
[25] ECF No. 13-1 at 7–8.
[26] ECF No. 2-4 at 20 ¶ 68.
[27] Under Louisiana law, "delictual fraud or intentional misrepresentation requires (1) misrepresentation of a material fact; (2) made with the intent to deceive; and (3) causing justifiable reliance with resultant injury." *Bellina*, 2020 WL 1689825, at *4 (citing *Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 627 (5th Cir. 1999)).

But Hermes does allege an alternate path for relief: that Applied and Sedgwick colluded and engaged in a civil conspiracy.[28] Hermes claims that if Applied ignored the photographs Sedgwick received from Hermes, then Applied and Sedgwick colluded "to exclude the best evidence available [the photographs]."[29] However, this allegation—specifically, the claim of a conspiracy between adjusters—does not give rise to a cause of action in Louisiana. *See Uptown Garden Ctr. v. Am. First Ins.*, No. CIV.A. 07-6660, 2008 WL 4186861, at *1 n.2 (E.D. La. Sept. 9, 2008) (noting that plaintiff fails to cite to a statute or case supporting the availability of a conspiracy cause of action in Louisiana and concluding that no such claim exists in the state); *Marketfare Annunciation, LLC v. United Fire & Cas. Co.*, No. CIV.A. 06-7232, 2007 WL 837202, at *1 (E.D. La. Mar. 15, 2007) ("To allow an allegation that the adjustor conspired with the insurer to avoid paying the claim would be contrary to the statutory and caselaw limitations on suits against adjustors."). Accordingly, Hermes has failed to state a conspiracy claim against Applied, and its conclusory statements referencing a conspiracy are insufficient under Rule 9(b). This claim is dismissed.[30]

---

[28] ECF No. 2-4 at 21 ¶ 73.

[29] *Id.* at 20 ¶ 72.

[30] Hermes also claims that Applied "clearly acted in bad faith with the intent to deprive Hermes of the insurance benefits for which Hermes is entitled." *Id.* To be sure, Hermes does not allege a cause of action against Applied under §§ 22:1982 and 22:1973, Louisiana's "bad faith" statutes. ECF No. 2-4 at 21 ¶¶ 74–75. Hermes raises a specific cause of action based on §§ 22:1982 and 22:1973 against the "Property Insurers," a group of defendants that, by definition, does not include Applied. *Id. See also id.* at 13–15 ¶¶ 35–37. But even if Hermes had alleged Applied violated §§ 22:1982 and 22:1973, this claim would likewise fail because these statutes do not provide a remedy against insurance adjusters like Applied.

Accordingly,

**IT IS ORDERED** that Defendant Applied's motion to dismiss Plaintiff's claims with prejudice, pursuant to Federal Rule of Civile Procedure 12(b)(6), is **GRANTED**.

New Orleans, Louisiana, this 25th day of September, 2024.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE